ELIZABETH A. REID *vs.* DANIEL D. REID.

1. To justify a decree for divorce on the ground of adultery, the evidence of the defendant's guilt must be clear and satisfactory. A full and explicit denial of the charge by the defendant, and his alleged *particeps criminis*, should be regarded as decisive in a case of doubt.

2. Testimony touching reputation, founded on opinions expressed *post litem motam*, is incompetent.

3. A stranger sent by a party to the neighborhood of a witness to learn his character, will not be permitted to testify as to the result of his inquiries.

*Mr. A. C. McLean* and *Mr. Richey*, for complainant.

*Mr. Leupp*, for defendant, cited *Bray* v. *Bray*, 2 *Halst. Ch. R.* 510; *Clutch* v. *Clutch*, *Saxton* 474.

THE CHANCELLOR. The complainant's bill charges that the adultery, which is the subject of complaint, was committed on different days in the months of August, September, and October, 1861. The evidence is confined exclusively to one transaction which occurred, according to the evidence, in the summer, or fall, of 1861. Two witnesses testify, that while they were riding through a wood, distant some miles from the defendant's residence, they saw a horse and carriage by the road side, and at the distance of from twenty-five to forty yards from the road upon which they were traveling, a man and woman engaged in illicit intercourse. The woman they recognized, and knew to be a female of disreputable character. One of the witnesses states distinctly that he did not then know the defendant, that he had never seen him before, that he was not certain that he had ever seen him since, till the day of his examination, eighteen months afterwards. He is not certain that the defendant is the man he saw in the wood, but thinks he looks like him. The other witness was not examined till October, 1863, two years after

I *

the transaction to which he deposes. He testifies that the defendant is the person whom he saw; that he knew him. But he admits that he had never seen him but once, and that was four or five years before the transaction. The whole evidence of the defendant's identity, and consequently of his guilt, rests upon the uncorroborated testimony of this witness. It does not appear that the defendant and the witness had any previous acquaintance, that they had ever spoken to each other, or been in company together. The witness testifies that he had seen the defendant once, four or five years previous to the transaction. There is not a fact or circumstance, relative to the character or conduct of the defendant, to give probability to the statement. Assuming the witness to be fair, and his testimony unimpeached, the identification of the defendant, and the consequent proof of his guilt, are not sufficiently clear to justify a decree against him.

The case in favor of the defendant is strengthened by the evidence in his behalf. The female with whom the criminal intercourse is charged to have taken place, testifies that she never knew, spoke to, or saw the defendant, till after the commencement of this suit. The defendant himself, by his evidence, corroborates this statement, and denies that he ever committed adultery. They both explicitly deny the truth of the charge, attempted to be established against the defendant by the complainant's witnesses. However insufficient this evidence might be to overturn or impair the effect of clear and satisfactory testimony of the defendant's guilt, it is nevertheless entitled to consideration, and should be regarded as decisive in a case of doubt.

An attempt is made to impeach the character of the complainant's witnesses for veracity, but no reliance is placed upon this part of the case. Much of the evidence as to the character of the witnesses, is founded on opinions expressed by others since their examination. A material portion of it is furnished by an agent of the defendant, who made inquiries in the neighborhood of the residence of the witness

for the purpose of procuring evidence in this cause, and who details the opinions of others thus obtained. All this evidence is clearly incompetent. No rule is better settled, or founded on clearer principles, than that which excludes all testimony touching reputation founded on opinions expressed *post litem motam.* Not only should evidence as to the character of the witness be founded on reputation, previously existing, but a stranger sent by a party to the neighborhood of the witness to learn his character, will not be permitted to testify as to the result of his inquiries. 1 *Greenl. Ev.,* § 461; *Douglass* v. *Tousey,* 2, *Wend.* 352. The bill is dismissed without costs.